FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT, E.D.N.Y.

★ MAY 02 2007 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X

MAJOR C. SEABURY,

                Plaintiff,

-against-

THE PEOPLE OF THE STATE OF NEW
YORK; THE COUNTY OF SUFFOLK; and
THE COUNTY OF NASSAU,

                Defendants.

-------------------------------------------------------X

**REPORT AND RECOMMENDATION**
**06 CV 2539 (NGG)(LB)**

**BLOOM, United States Magistrate Judge:**

Plaintiff, Major C. Seabury, brings this *pro se* action pursuant to 42 U.S.C. § 1983 ("§ 1983"), alleging that defendants violated his rights under the Fourth, Fifth, Sixth, and Fourteenth Amendments to the Constitution in connection with his 1996 arrest, 1997 conviction, and 2000 motion to vacate the conviction for driving while intoxicated ("DWI"). Plaintiff seeks compensatory and punitive damages. Defendants New York State (the "State"), County of Suffolk ("Suffolk"), and County of Nassau ("Nassau") move to dismiss the complaint for failure to state a claim pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. The Honorable Nicholas G. Garaufis referred defendants' motions to me for a Report and Recommendation in accordance with 28 U.S.C. § 626(b). It is respectfully recommended that defendants' motions should be granted and this action should be dismissed.

## BACKGROUND

Plaintiff was convicted of DWI following a jury trial in Suffolk County District Court in 1997. See Complaint at 16; Memorandum of Law in Support of State Defendant's Motion to

Dismiss ("State's Mem.") at 1. Plaintiff's post-conviction motion to vacate was denied on October 3, 2000. See Complaint at 25; State's Mem. at 1. Plaintiff's instant action alleges that he was arrested without probable cause, prosecuted, and convicted for DWI, and that Nassau failed to investigate his "kidnapping." Complaint at 3.

Specifically, plaintiff alleges that the State violated his constitutional rights by "Maliciously, Knowingly and Intentionally Manufacturing Fabricating and Planting False Probable Cause to Stop and False Probable Cause to Arrest the Plaintiff" on May 25, 1996. Complaint at 1-2. Additionally, plaintiff alleges that the State violated his rights in order to "falsely charge, falsely prosecute and falsely convict the plaintiff of driving while intoxicated . . . on May 25, 1996 . . . at a N.Y.S. Motor Vehicle Hearing . . . on Nov. 22, 1996." Complaint at 2. Plaintiff claims that both the State and Suffolk generated "multiple, compounded perjured documents with the expressed intent to Falsely Charge, Falsely Prosecute and Falsely Convict the plaintiff for driving while intoxicated on June 19, 1997 at the Suffolk County District Court." Complaint at 2. Finally, plaintiff alleges that Nassau violated his constitutional rights by "Maliciously, Knowingly and Intentionally Aiding and Abetting the State of New York and/or the County of Suffolk . . . by failing to investigate and prosecute those responsible for violations of the plaintiff's 4th Amendment Rights and a 'kidnapping' into the County of Nassau." Complaint at 3.

The State moves to dismiss based on: Eleventh Amendment immunity; failure to state a claim upon which relief can be granted; because plaintiff's claims are time-barred; and based on Heck v. Humphrey, 512 U.S. 477 (1994). Suffolk and Nassau move to dismiss for failure to state a claim upon which relief can be granted as plaintiff's claims are time-barred, and plaintiff fails to allege an officially adopted municipal custom, policy, or practice pursuant to Monell v. Dep't of of Social

Services of the City of New York, 436 U.S. 658 (1978), that resulted in the violation of plaintiff's rights.

## PROCEDURAL HISTORY

Plaintiff filed his complaint on May 24, 2006. After several extensions, defendants requested and were granted permission to move against the complaint. Plaintiff failed to oppose the motions. By Order dated November 16, 2006, I warned plaintiff that if he failed to oppose the motions by November 27, 2006, I would consider defendants' motions unopposed. Plaintiff did not file an opposition.

## DISCUSSION

### I. Standard of Review

When a district court considers a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), it "must limit itself to the facts stated in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint." Hayden v. County of Nassau, 180 F.3d 42, 54 (2d Cir. 1999). The Court must accept all well-pleaded factual allegations as true and draw all reasonable inferences in the plaintiff's favor. Koppel v. 4987 Corp., 167 F.3d 125, 130 (2d Cir. 1999). A motion to dismiss should only be granted if it "appears beyond doubt that the plaintiff can prove no set of facts . . . which would entitle him to relief." King v. Simpson, 189 F.3d 284, 286-87 (2d Cir. 1999). Where, as here, a party is proceeding *pro se*, the Court is obliged to "read his supporting papers liberally, and will interpret them to raise the strongest arguments that they suggest." Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994). See also

3

Makarova v. U.S., 201 F.3d 110 (2d Cir. 2000) (drawing all inferences and construing all ambiguities in *pro se* plaintiff's favor in motion to dismiss for lack of subject matter jurisdiction).

## II. Statute of Limitations

The statute of limitations for a § 1983 civil rights action in New York is three years. Owens v. Okure, 488 U.S. 235, 251 (1999); New York Civil Practice Law and Rules § 214(5). "[T]he accrual date of a § 1983 cause of action is a question of federal law that is *not* resolved by reference to state law." Wallace v. Kato et al., 549 U.S. __, 127 S. Ct. 1091, 1095 (2007) (emphasis in original). The statute of limitations for a § 1983 claim such as plaintiff's begins to accrue "when the plaintiff knows or has reason to know of the injury which is the basis of his action." Ormiston v. Nelson, 117 F.3d 69, 71 (2d Cir. 1997) (quoting Singleton v. City of New York, 632 F.2d 185, 191 (2d Cir. 1980). See also Wallace, 549 U.S. __, 127 S. Ct. 1091, 1097 (holding petitioner's § 1983 action time-barred because the cause of action accrued "when he appeared before the examining magistrate and was bound over for trial," not when the conviction was subsequently set aside). Here, plaintiff's claims arising out of his 1996 arrest, 1997 conviction, and 2000 motion to vacate accrued more than three years before he filed the instant complaint on May 24, 2006. Therefore, plaintiff's claims should be dismissed as they are time-barred.

## III. Failure to State a Claim Under Section 1983

Even if plaintiff's claims were not time-barred, the instant complaint would still fail to state a claim upon which relief could be granted. Defendants are not "persons" within the meaning of § 1983. See American Manufacturers Mutual Insurance Co. v. Sullivan, 526 U.S. 40, 49-50 (1999); Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994).

4

Moreover, plaintiff's claims against the State are barred under the Eleventh Amendment.[1] The State is immune from suit under the Eleventh Amendment absent a clear waiver of immunity, or Congressional abrogation of its immunity by a valid exercise of its power. See Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984) ("[I]n the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment."). The State has neither consented to suit in federal court nor waived its immunity. See State Mem. at 3-4. Congress has not abrogated the State's immunity from suits pursuant to § 1983. See Quern v. Jordan, 440 U.S. 332, 342-43 (1979). Therefore, plaintiff's complaint against the State is barred by the Eleventh Amendment and should be dismissed.[2]

Furthermore, plaintiff fails to state a claim against the counties pursuant to Monell v. Dep't of of Social Services of the City of New York, 436 U.S. 658 (1978). A municipality is not liable under § 1983 for the conduct of a lower-level employee based solely on vicarious liability. See DeCarlo v. Fry, 141 F.3d 56, 61 (2d Cir. 1998). A plaintiff may infer a custom, policy, or practice claim via circumstantial evidence, "such as evidence that the municipality so failed to train its employees as to display a deliberate indifference to the constitutional rights of those within its

---

[1] The Eleventh Amendment provides that: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. Although not expressly stated by the terms of the amendment, the Supreme Court has held this language to bar suit against a state by its own citizens as well as citizens of other states. See Seminole Tribe of Fla. v. Florida, 517 U.S. 44, 54 (1996) (citing Hans v. Louisiana, 134 U.S. 1 (1890)).

[2] As plaintiff fails to state a claim under § 1983, the Court need not reach the State's argument that he is precluded from suing for damages for an unconstitutional imprisonment unless and until he establishes that his underlying conviction was overturned on appeal. See Heck v. Humphrey, 512 U.S. 477, 486-487 (1994).

5

jurisdiction." Ricciuti v. New York City Transit Authority, 941 F.2d 119, 123 (2d Cir. 1991). However, "complaints containing only conclusory, vague, or general allegations that the defendants have engaged in a conspiracy to deprive the plaintiff of his constitutional rights are properly dismissed." Dwares v. City of New York, 985 F.2d 94, 100 (2d Cir. 1993). See also Ricciuti, 941 F.2d at 123 ("[A] single incident alleged in a complaint, especially if it involved only actors below the policy-making level, does not suffice to show a municipal policy.").

Here, plaintiff's claims that Suffolk created "multiple, compounded perjured documents," Complaint at 2, and that Nassau failed " to investigate and prosecute those responsible" for violating plaintiff's rights, Complaint at 3, are wholly "conclusory, vague, or general allegations," and as such should be dismissed. See Dwares, 985 F2d. at 100. Therefore, defendants' motions to dismiss should be granted.

## IV. State Law Claims

Finally, to the extent that plaintiff's complaint alleges any state law claims, the Court should decline to exercise supplemental jurisdiction over any state law claims alleged since all of plaintiff's federal law claims should be dismissed. Valencia v. Lee, 316 F.3d 299, 305 (2d Cir. 2003) (citing 28 U.S.C. § 1367(c)(3)).

## CONCLUSION

Accordingly, defendants' motions should be granted and plaintiffs' complaint should be dismissed in its entirety.

# FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections (and any responses to objections) shall be filed with the Clerk of the Court. Any request for an extension of time to file objections must be made within the ten-day period. Failure to file a timely objection to this Report generally waives any further judicial review. Marcella v. Capital Dist. Physician's Health Plan, Inc., 293 F.3d 42 (2d Cir. 2002); Small v. Sec'y of Health and Human Services, 892 F.2d 15 (2d Cir. 1989); see Thomas v. Arn, 474 U.S. 140 (1985).

SO ORDERED:

LOIS BLOOM
United States Magistrate Judge

Dated: March 1, 2007
Brooklyn, New York